ORIGINAL

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| VERMAN O'HARO, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 311-007 |
| | ) | |
| WALT WELLS, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner, a federal inmate currently incarcerated at McRae Correctional Facility in McRae, Georgia, brought the captioned petition under 28 U.S.C. § 2241. For the following reasons, the Court **REPORTS** and **RECOMMENDS** that the motion to proceed *in forma pauperis* ("IFP") (doc. no. 3) be **DENIED** as **MOOT**, that the petition be **DISMISSED**, and that this civil action be **CLOSED**.[1]

### I. BACKGROUND

Following a jury trial, Petitioner was convicted in the United States District Court for the Eastern District of New York of conspiring to import heroin, in violation of 21 U.S.C. § 841(a)(1). (Doc. no. 1, pp. 1-2.) On August 11, 1998, he was sentenced to 235 months of imprisonment, followed by five years of supervised release. (Id. at 2.) According to

---

[1] As "it appears from the application that the applicant or person detained is not entitled" to the relief he seeks, the Court now makes its recommendation without directing the Government to respond to the instant petition. 28 U.S.C. § 2243.

Petitioner, his sentence was enhanced because of the sentencing judge's determination as to the quantity of drugs involved in the commission of his crime – six kilograms of heroin. (Id. at 6.)

Petitioner states that he attempted to appeal his case to the Second Circuit, but his attempts were discontinued in November of 1998. (Id. at 2.) In 2000 he filed a motion for relief pursuant to 28 U.S.C. § 2255, arguing that he had received ineffective assistance of counsel. (Id. at 4.) That § 2255 motion was denied, as were several other such motions that Petitioner subsequently filed. (Id.)

Petitioner is now attempting to invoke § 2241 via the "savings clause" of 28 U.S.C. § 2255, arguing that § 2255 is "inadequate or ineffective to test the legality of his detention." (Id.) Petitioner's main basis for invoking the savings clause is a challenge to the legality of his sentence based on the Eleventh Circuit's decision in United States v. Rogers, 228 F.3d 1318 (11th Cir. 2000). (Id. at 7.) Petitioner contends that his sentence was improperly enhanced based on the sentencing judge's determination as to the quantity of drugs involved in the commission of his crime. (Id. at 6.) According to Petitioner, because his indictment did not include a drug amount, he should have been given the minimum mandatory sentence under 21 U.S.C. § 841(b)(1)(C), which he claims would be ten years. (Id.)

Petitioner also asserts that his claim warrants relief under § 2241 in light of the Eleventh Circuit's decision in Gilbert v. United States, 609 F.3d 1159 (11th Cir. 2010), *vacated*, 625 F.3d 716 (11th Cir. 2010). (Id. at 8-9.) Finally, Petitioner references an unidentified ruling of the United States Supreme Court in support of his argument that his

sentence was improperly enhanced as to the quantity of drugs. (Id. at 10.)

The Court also notes that the instant petition is substantially similar to a previous § 2241 petition filed by Petitioner in this District in October 2010. See O'haro v. Wells, CV 310-086 (S.D. Ga. Oct. 15, 2010) (hereinafter CV 310-086). The previous petition was dismissed by order of the Honorable Dudley H. Bowen, Jr., United States District Judge, on January 19, 2011. Id., doc. no. 6. The primary difference between the previous and current petitions is the cases that Petitioner cites in support of his contention that his sentence was improperly enhanced- with the notable exception of Gilbert.[2]

## II. DISCUSSION

The instant petition was filed pursuant to 28 U.S.C. § 2241, which provides the means for a prisoner to challenge the execution of his sentence. Here, however, it is clear that Petitioner is attacking the validity of his sentence because he claims that his sentence was enhanced pursuant to an improper judicial determination. Therefore, the Court must consider whether relief under § 2241 is available.

"Typically, collateral attacks on the validity of a federal sentence must be brought under § 2255." Darby v. Hawk-Sawyer, 405 F.3d 942, 944-45 (11th Cir. 2005) (*per curiam*). As Petitioner has previously filed a § 2255 motion, "he must apply for and receive permission from [the appropriate Court of Appeals] before filing a successive § 2255 motion." Id. at 945; see also 28 U.S.C. §§ 2255(h) & 2244(b)(3)(A). Also of note, § 2255

---

[2] In light of the similarity between Petitioner's previous and current arguments, the Court draws liberally from its analysis of the issues presented in his previous petition filed in CV 310-086.

3

motions are subject to a one-year statute of limitations. 28 U.S.C. § 2255(f).

In the instant case, Petitioner has attempted to avoid these requirements by filing a petition under § 2241. However, a federal prisoner may only resort to § 2241 for the type of relief sought here upon a showing that "the remedy by [§ 2255] motion is inadequate or ineffective to test the legality of his detention." Id. § 2255(e). Under Eleventh Circuit law, the circumstances under which a federal prisoner may invoke the so-called "savings clause" of § 2255 are tightly circumscribed.

First, a prisoner may not use the savings clause simply to circumvent the restrictions on filing second or successive motions. Wofford v. Scott, 177 F.3d 1236, 1245 (11th Cir. 1999). In other words, "the mere fact that relief under § 2255 is procedurally barred is not alone sufficient to make § 2241 an available remedy." Bridges v. Vasquez, 151 F. Supp.2d 1353, 1360 (N.D. Fla. 2001). Rather,

> [t]he savings clause only applies to "open a portal" to a § 2241 proceeding when (1) the "claim is based upon a retroactively applicable Supreme Court decision; (2) the holding of that Supreme Court decision establishes the petitioner was convicted for a non-existent offense; and, (3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised."

Darby, 405 F.3d at 945 (quoting Wofford, 177 F.3d at 1244). "To prove an offense is non-existent, a petitioner must show he was imprisoned for conduct that was not prohibited." Id. (citing Sawyer v. Holder, 326 F.3d 1363, 1366 (11th Cir. 2003)). "Once the savings clause of § 2255 applies to open the portal to a § 2241 proceeding, the proper inquiry in that § 2241 proceeding will be whether the petitioner can establish actual innocence of the crime for which he has been convicted.'" Wofford, 177 F.3d at 1244 n.3.

4

Here, Petitioner is not entitled to relief because he has not satisfied the test set forth above, all three prongs of which must be met before the savings clause of § 2255 can "open the portal" to § 2241 relief. Specifically, Petitioner's arguments based on <u>Rogers</u> and <u>Gilbert</u> fail to satisfy the first prong. Both <u>Rogers</u> and <u>Gilbert</u> are insufficient to invoke the savings clause of § 2255 because they are Eleventh Circuit opinions, and not Supreme Court opinions as required in <u>Wofford</u>. <u>Wofford</u>, 177 F.3d at 1244. Furthermore, the opinion in <u>Gilbert</u> was later vacated for the purpose of holding a rehearing *en banc*. <u>Gilbert v. United States</u>, 625 F.3d 716 (11th Cir. 2010). Therefore, the initial <u>Gilbert</u> decision is not the law of the Eleventh Circuit.

Additionally, Petitioner's argument that the Supreme Court has "recognized that the enhancement of a non-capital sentence to a capital one . . . raises the possibility that a defendant may be actually innocent of the offense," also fails to satisfy the three prongs of the savings clause. (Doc. no. 1, p. 10.) As an initial matter, Petitioner's argument is nonsensical as the current petition involves enhancement of a sentence by adding more prison time, and not "the enhancement of a non-capital case to a capital one." (<u>Id.</u>) Furthermore, Petitioner has failed to provide the name of the case or cases that he is referencing; therefore, even if Petitioner's argument did apply to his situation, the Court cannot evaluate if the case or cases are retroactively applicable.

As Petitioner cannot satisfy the three-prong test set forth in <u>Wofford</u>, the savings clause does not apply. Consequently, the instant petition should be dismissed.

### III. CONCLUSION

For the reasons stated above, the Court **REPORTS** and **RECOMMENDS** that the

motion to proceed IFP (doc. no. 3) be **DENIED** as **MOOT**, that the petition be **DISMISSED**, and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 30th day of March, 2011, at Augusta, Georgia.

*W. Leon Barfield*
W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE